UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x

OUSSAMA EL OMARI,

       Plaintiff,

  v.

JAMES E. D. BUCHANAN,
DECHERT LLP,
ANDREW D. FRANK,
a/k/a ANDREW D. SOLOMON,
NEIL GERRARD,
AMIR ALI HANDJANI,
a/k/a AMIRALI HANDJANI,
KARV COMMUNICATIONS, INC.,
INTELLIGENCE ONLINE, and
LONGVIEW PARTNERS (GUERNSEY)
LTD,

       Defendants.

——————————————————————x

Case No.: 20-cv-2601 (VM)(DF)

DECLARATION OF SCOTT M. MOORE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT, INTELLIGENCE ONLINE

    I, SCOTT M. MOORE, pursuant to 28 U.S.C. § 1746, make the following declaration, and state as follows:

    1) I am affiliated with MOORE INTERNATIONAL LAW PLLC, counsel of record for the Plaintiff, Oussama El Omari, and, pursuant to Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2(b), and Attachment 2, Sec. I of the Individual Practices of U.S. District Judge Victor Marrero, make this declaration in support of Plaintiff's application for a default judgment as to Defendant, Intelligence Online.

    2) The nature of Plaintiff's claim against Defendant, Intelligence Online, a French pay-to-play publisher, (AC, paragraph 11), is a cause of action for defamation per se, plead in Count III (AC paragraphs 132-136) of the amended complaint filed in this Court on May 5, 2020. (ECF

No. 31). More particularly, the defamation per se was published online by Defendant, Intelligence Online, on April 8, 2019, in an article titled "The Ras Al Khaimah Investment Authority trails French connection to recover its lost funds." Said article is annexed to the amended complaint as Exhibit 1. (ECF No. 31-1). The advertising teaser for said article is annexed to the amended complaint as Exhibit 2. (ECF No. 31-2). In summary, said article and its advertisement reports that El Omari committed a serious crime, a <u>billion dollar fraud,</u> at a place where El Omari never worked, the Ras Al Khaimah Investment Authority, and with its CEO, Khater Massaad, whom El Omari didn't know personally. (AC, paragraphs 19, 19a, 19b, 19c, 19c-d, and 25). The false facts, and Defendant, Intelligence Online's failure to retract, are detailed in AC, paragraphs 19-21, 25. El Omari alleged this and other defendants did publish the false facts with malice and knowledge that the facts were false, or with reckless disregard as to whether the facts were true or false, in AC, paragraph 25. The specific language about El Omari's false RAKIA billion dollar fraud and false connection with its CEO, Khater Massaad, has a precise meaning which is readily understood, is capable of being proven true or false, the full context of the communication in which the statement appears are such as to signal readers that what is being read is likely to be fact, not opinion.

3) The basis for subject matter jurisdiction in this case is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)[1], (AC, paragraph 13) and federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C.A. § 1964(c), (AC, paragraph 14). Plaintiff is a United States' citizen and resident of the state of North Carolina. (AC, paragraph 14). Defendant, James Edward Dennison Buchanan, is a citizen of Canada with residence in the UK. (AC, paragraph 5). Defendant, Dechert LLP, is a law firm organized as a limited liability partnership under the laws

---

[1] 28 U.S.C. § 1332(a)(2), (3) also apply.

of Pennsylvania with an office in New York. (AC, paragraph 6). Defendant, Andrew D. Frank, is a United States' citizen with residence in New York. (AC, paragraph 7). Defendant, Neil Gerrard is a citizen of the United Kingdom with residence in the UK. (AC, paragraph 8). Defendant, Amir Ali Handjani, is a dual citizen of Iran and the United States, with residence in New York. (AC, paragraph 9). Defendant, Karv Communications, Inc., is a corporation organized under the laws of New York, with its office located in New York. (AC, paragraph 10). Intelligence Online is organized under the laws of France, with its office in Paris. (AC, paragraph 11). Defendant, Longview Partners (Guernsey) Ltd, is an asset management company organized and based in St. Peter Port, Guernsey. (AC, paragraph 12).

4) The basis for personal jurisdiction over Defendant, Intelligence Online, is that specific jurisdiction pursuant to New York's long-arm statute, CPLR § 302(a)(1), is met by Defendant, Intelligence Online transacting business within New York, by doing something more than projecting its out-of-state defamatory statements into New York. At least part of the defamatory content was created, researched, written, developed, or produced in New York. Defendants, Frank, Handjani, and their New York based public relations employer, KARV, are core to running an alleged public relations racket (see Count I), and they are located in New York. These defendants, and others, conveyed and published the false facts about Plaintiff between themselves and to and with Defendant, Intelligence Online, which published them in said article. (AC, paragraph 24). Moreover, of the eight defendants, Frank and Intelligence Online share a characteristic of being "backstopped," meaning their true identity is hidden by use of sophisticated tools typically only found within a government intelligence community, which indicates their libelous communications between New York and Paris are likely to be significant. (AC, paragraph 3).

5) Defendant, Intelligence Online, was properly served on July 7, 2020 with the Summons and Amended Complaint in this action in accordance with Rule 4(f)(1) of the Federal Rules of Civil Procedure and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965, and failed to plead or otherwise defend this action as shown by the annexed certificate of default signed and stamped by the Clerk of Court.

6) Defendant, Intelligence Online, has actual knowledge of this lawsuit, as indicated by its writing and posting an article on its website (intelligenceonline.com) about this action on April 29, 2020, titled "Buchanan, emir's eminence grise, at heart of RAK wars."

7) On the date below, Defendant, Intelligence Online, was given notice of Plaintiff's application for default judgment, by the undersigned sending a copy of the instant Plaintiff's application for default papers by FedEx courier to the address of Intelligence Online at its address of 142 rue Montmartre, 75002 Paris, France.

8) Defendant, Intelligence Online is not an infant, in the military, or an incompetent person.

9) Plaintiff requests the Court order or conduct an inquest to calculate damages.

10) No part of the proposed judgment has been paid.

11) A proposed form of default judgment is annexed hereto.

WHEREFORE, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12 day of October, 2020.

SCOTT M. MOORE