

# MOORE
## INTERNATIONAL LAW PLLC

**ROCKEFELLER CENTER**
**45 ROCKEFELLER PLAZA, 20TH FLOOR**
**NEW YORK, NEW YORK 10111 USA**
**TELEPHONE: + (212) 332-3474**
**FACSIMILE: + (212) 332-3475**
**WWW.MILOPC.COM**

INTERNATIONAL LEGAL MATTERS
_____
WRITER: SCOTT MICHAEL MOORE
SMM@MILOPC.COM
LICENSED & ADMITTED
SUPREME COURT OF THE UNITED STATES OF AMERICA
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
U.S. COURT OF INTERNATIONAL TRADE
OTHER U.S. FEDERAL COURTS
STATES OF NEW YORK & MICHIGAN ONLY
LONDON COURT OF INTERNATIONAL ARBITRATION

Via ECF

22 October 2020

Hon. Victor Marrero, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *El Omari v. Buchanan, et al*, 20-cv-2601 (S.D.N.Y.)

Dear Your Honor:

  This letter is on behalf of the Plaintiff, Oussama El Omari, and is filed in accordance with Rule II(A)(2) of Your Honor's *Individual Practices* in response to the letter to the Court by Defendant, Dechert LLP, under date of October 16, 2020. (ECF No. 68).

  Dechert seeks reconsideration or a stay of execution of the October 13, 2020 default judgment issued by Your Honor as against Defendant, Intelligence Online ("IO"). (See ECF No. 67). In support, Dechert reiterates contested points previously made in its earlier pre-motion letter bundle (see ECF No. 47), and relies heavily on *Frow v. De La Vega*, 82 US 552 (1872). Dechert in no way even suggests that Plaintiff or Your Honor did not strictly follow Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2(b), and Attachment 2, Sec. I to Your Honor's Individual Practices. Your Honor correctly issued the IO default judgment.

  In response to Dechert's contested points, Plaintiff incorporates and relies on his earlier opposition papers bundled in Dechert's pre-motion letter. (See ECF No. 47-2).

  Fed. R. Civ. P. 54(b) applies here, which is not even mentioned by Dechert. As pointed out by the Second Circuit in *International Controls Corp. v. Vesco*, 535 F.2d 742, 747 fn. 4 (2d Cir. 1976), "We think it is most unlikely that Frow retains any force subsequent to the adoption of Rule 54(b)."



Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

As provided by the IO default judgment itself, damages are yet to be calculated at an Inquest.

> The Court has ordered that Plaintiff, Oussama El Omari recover from the Defendant, Intelligence Online, an amount in a value to be determined at Inquest….

Nor has the IO default judgment been certified under Rule 54(b), and as such is not a final judgment at this point. See *ICC*, 535 F.2d, at 747. As provided by Rule 54(b), the IO default judgment "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Your Honor rightly so, and to no prejudice to Dechert or any non-defaulting defendant, is following the correct procedure involving multiple parties as set forth in Rules 54(b) and 55.

For these reasons, in light of Rule 54(b), the Court should deny Dechert's request in its entirety.

Respectfully submitted,

**MOORE INTERNATIONAL LAW PLLC**

BY:   /s/ Scott M. Moore

Scott Michael Moore
Attorney at Law
Counsel for Plaintiff, Oussama El Omari

Cc: All Counsel of Record, via ECF