

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**BENJAMIN E. ROSENBERG**

benjamin.rosenberg@dechert.com
+1 212 698 3622  Direct
+1 212 698 0495  Fax

October 26, 2020

**BY ECF**

Honorable Victor Marrero
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:  El Omari v. Buchanan, et al., 1:20-cv-02601:  Request for
           Pre-Motion Conference

Dear Judge Marrero:

I am writing on behalf of defendant Dechert LLP ("Dechert") in response to two letters that Plaintiff sent to this Court on October 22, 2020 (ECF 70 and 71).  All Defendants who have appeared in this case have informed Dechert that they join in this response.

### ECF 70:  Default Judgment as to the defamation claim against Intelligence Online

On October 16, 2020, Dechert submitted a letter request (ECF 68) (the "Letter") for reconsideration of this Court's default judgment against Defendant Intelligence Online on the claim for defamation asserted against it on the grounds (a) that the Court does not have subject matter jurisdiction over the defamation claim, and (b) the Court should not grant a default judgment against one defendant on a claim that names other defendants when the granting of a default judgment could lead to inconsistent judgments at the end of the case.  The Letter cited multiple recent opinions from this Court recognizing the "general rule" that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against the defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."  *Bleecker v. Zetian Systems, Inc.*, No. 12 Civ. 2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (quoting 10A Fed. Prac. & Proc. Civ. § 2690 (3d ed.)).  *See also* ECF 68 at 1-2 (citing additional authority).

Plaintiff does not identify a proper basis for subject matter jurisdiction, nor does he address any of the authority that the Letter cited for the proposition that the granting of a default judgment as to one defendant is disfavored when it could lead to conflicting judgments.  Plaintiff cites to a single case, *International Controls Corp. v. Vesco*, 535 F.2d 742, 747 n.4 (2d Cir. 1976), which predates the authority cited by the Letter, and which purportedly supports the proposition that *Frow v. De La Vega*, 82 U.S. 552 (1872) (cited in Letter at n.1), is no longer good law.  But, as the cases that



Hon. Victor Marrero
October 26, 2020
Page 2

Dechert cited note, **and as *Vesco* itself noted in the very footnote to which Plaintiff cites,** the *Frow* proscription on granting default judgment as to claims such as the defamation claim asserted here in which "the liability of one defendant necessarily depends upon the liability of the others," still applies.  *See, e.g., Century Sur. Co. v. Whispers Inn Lounge, Inc.*, No. 13-civ-9049, 2014 WL 8392302, *1 (S.D.N.Y. Dec. 15, 2014) ("'Following *Frow*, when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until' the action is decided on the merits as to 'the remaining defendants.'") (quoting *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 1-civ-2950, 2002 WL 31545845, *3 (S.D.N.Y. Nov. 13, 2002)); *RSM Production Corp. v. Fridman*, 643 F. Supp. 2d 382, 414-415 (S.D.N.Y. 2009) ("the *Frow* principle" applies "when it is necessary that the relief against the defendants be consistent").  In *Knowles-Carter v. Feyonce, Inc.*, No. 16-cv-2532, 2017 WL 11567528, *5 (S.D.N.Y. Sept. 23, 2017) this Court engaged in an extensive analysis of *Frow* and *Vesco* and concluded that "courts in this Circuit and elsewhere have been near-uniform as to two principles:" (1) "default judgment cannot be issued where the relief requested would prejudice actively litigating defendants" and (2) "where Plaintiffs' theory is at least joint and several liability (if not true joint liability), a court should not enter final judgment as to damages until after the conclusion of the merits-phase of the proceedings against the actively litigating defendants."

Plaintiff does not even attempt to explain how this Court could enter a default judgment against Intelligence Online without first concluding that (1) this Court has subject matter jurisdiction to do so and (2) the Amended Complaint adequately pleads a claim for defamation *per se*, both of which are issues that have been strongly contested by the non-defaulting Defendants.  Dechert requests only that it and the other non-defaulting Defendants be permitted to litigate these contested issues before the Court rules in Plaintiff's favor on either issue in a default judgment against a defaulting party.

Plaintiff also provides no response to the alternative relief requested in the Letter that "this Court stay enforcement of the Order and not hold any inquest until after this Court has resolved the defamation *per se* claim with respect to the non-defaulting Defendants."  Letter at 3.  Even where *Frow* was held to be "inapplicable" in cases asserting only several (and not joint) liability, courts recognize that they should not "resolve the motion for default judgment" when doing so would involve "calculating damages twice: first in resolving the default judgment application and then, if [another defendant] is found liable, at the completion of his case."  *Lemache v. Tunnel Taxi Management LLC*, 354 F. Supp. 3d 149, 154 (E.D.N.Y. 2019).  Doing so would be "inefficient" and create an obvious risk of inconsistent rulings.  *Id*.  Due to Plaintiff's lack of response, this requested relief is uncontested and any inquest should be held only in connection with entry of a final judgment in Plaintiff's favor.



Hon. Victor Marrero
October 26, 2020
Page 3

### ECF 71 – Purported Supplemental Authority

Plaintiff's second letter to the Court attached as purported "supplemental" authority two complaints filed by other litigants in other courts that include allegations regarding Dechert and some of the other Defendants in this matter.

These two complaints are not supplemental authority at all. They are not legal authority, and it would be error to consider any allegations in those complaints when considering the adequacy of the Amended Complaint. *See MYL Litigation Recovery I LLC v. Mylan N.V.*, No. 19-cv-1799, 2020 WL 1503673, *4, n. 2 (S.D.N.Y. Mar. 30, 2020) (refusing to consider "additional facts alleged in a complaint . . . filed in another district court" as "supplemental authority" when addressing a motion to dismiss). The two complaints also say absolutely nothing about the defamation *per se* or the Computer Fraud and Abuse Act ("CFAA") claims leveled against Dechert. The unverified allegations—not facts—in those complaints say nothing about any publication by Intelligence Online (Plaintiff's defamation *per se* claim), nor about the Skype interviews that Plaintiff provided to an unknown individual (Plaintiff's CFAA claim).

This is the second time that Plaintiff has improperly submitted as "supplemental authority" unverified factual allegations from another case that has no relevance to the specific claims asserted here. *See* ECF 54. Plaintiff is plainly attempting to focus the Court's attention away from the merits of his claims, or lack thereof.

For the reasons set forth above and in ECF 47 and ECF 68, Dechert respectfully requests that this Court reconsider the entry of a default judgment against Intelligence Online, and either schedule a pre-Motion conference to discuss these requests or, in the alternative, grant leave for Dechert to file the contemplated motions.

Respectfully,

*/s/ Benjamin E. Rosenberg*

Benjamin E. Rosenberg

cc (by ECF) all counsel of record