```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
OUSSAMA EL OMARI,                   :
                                    :
                    Plaintiff,      :    20 Civ. 2601 (VM)
                                    :
     - against -                    :    DECISION AND ORDER
                                    :
JAMES E. D. BUCHANAN, et al.,       :
                                    :
                    Defendants.     :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Oussama El Omari ("Plaintiff") commenced this action against James E. D. Buchanan ("Buchanan"), Dechert LLP ("Dechert"), Andrew D. Frank a/k/a Andrew D. Solomon ("Solomon"), Neil Gerrard ("Gerrard"), Amir Ali Handjani a/k/a Amirali Handjani ("Handjani"), KARV Communications, Inc. ("KARV"), Intelligence Online, Longview Partners (Guernsey) LTD ("Longview," and collectively with the foregoing defendants, "Defendants") on March 27, 2020. (See Dkt. No. 1.) Plaintiff filed an Amended Complaint on May 5, 2020. (See "Amended Complaint," Dkt. No. 31.)

Having been served on July 7, 2020, Intelligence Online's answer was due July 28, 2020. See Fed. R. Civ. P. 12(a)(1)(c); see also Dkt. No. 59. Intelligence Online did not answer or otherwise respond to the Amended Complaint by July 28, 2020, and has not since.

1

On August 27, 2020, Plaintiff filed a proposed Clerk's Certificate of Default as to Intelligence Online and a declaration in support. (See Dkt. Nos. 62, 63.) The Clerk's Office issued the Certificate of Default later that day. (See Dkt. No. 64.) Subsequently, on October 12, 2020, Plaintiff moved for a default judgment as to Intelligence Online. (See Dkt. No. 66.) The Court granted the motion and entered the default judgment the following day. (See "Order," Dkt. No. 67.)

Now pending before the Court is a premotion letter, which the Court construes as a motion for reconsideration or a stay of the Order,[1] filed by Dechert on October 16, 2020 on behalf of all Defendants who have appeared in this action (collectively, the "Non-Defaulting Defendants"). (See "Motion," Dkt. No. 68.) Plaintiff filed a letter opposing the Motion. (See "Opposition," Dkt. No. 70.) For the reasons set forth below, the motion for reconsideration of the Order is DENIED and the alternative motion for a stay of the Order is GRANTED.

---

[1] Kapitalforeningen Lægernes Invest v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (Mem.) (affirming the district court's ruling deeming an exchange of letters a motion itself).

## I.    LEGAL STANDARD

A.    MOTION FOR RECONSIDERATION

Motions for reconsideration are governed by Local Rule 6.3, which is "intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" SEC v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). The Second Circuit has held that the threshold for granting a motion to reconsider is "high," and such motions are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citations omitted).

B.    MOTION FOR STAY

A court's power to stay is incidental to "the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997) (citations omitted). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). And, in support of such motion, the movant must "make out a clear case of hardship or inequity" should the stay be denied. Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 442 (2d Cir. 1964). The decision whether to issue a stay is "firmly within a district court's discretion." See LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (internal quotation marks and citations omitted).

## II.   DISCUSSION

Non-Defaulting Defendants argue that, because Count Three brings a claim for defamation per se against all Defendants, the default judgment should not have issued against Intelligence Online until that claim is resolved as to all Defendants under the principle announced in Frow v. De La Vega, 82 U.S. 552 (1872), prohibiting the entry of a default judgment against one of multiple defendants in certain circumstances. They further contend that the default

4

judgment suggests Plaintiff's defamation per se claim is adequately pled, which Non-Defaulting Defendants contest.[2]

In response, Plaintiff argues that the principle announced in Frow is no longer in force. Instead, Plaintiff contends that the default judgment at issue was neither a final judgment, nor did it adjudicate the issue of damages, which the Order expressly reserved until Inquest. Thus, according to Plaintiff, the default judgment does not prejudice any of the Non-Defaulting Defendants.

After reviewing the parties' arguments, the Court is persuaded that the Order should be stayed. When one defendant in a multi-defendant action defaults, "judgment should not be entered against the defaulting defendant until the matter has been resolved against the other defendants." RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 414 (S.D.N.Y. 2009), aff'd, 387 F. App'x 72 (2d Cir. 2010) (citing Frow, 82 U.S. at 554).

The Court acknowledges that the continued viability of Frow has been called into question by the Second Circuit. See International Controls Corp. v. Vesco, 535 F.2d 742, 746 n.4 (2d Cir. 1976) ("We think it is most unlikely that Frow retains any force . . . .")). However, even the Vesco Court

---

[2] Non-Defaulting Defendants also argue that the Court lacks jurisdiction to address the defamation per se claim and that the default judgment should not have issued because the claim fails on the merits. These arguments are premature at this stage and inconsequential to the Court's decision on the present motion. Thus, the Court declines to address them.

5

recognized that "Frow controls in situations where the liability of one defendant necessarily depends upon the liability of the others." Id. At present, "[t]he contours of the precise rule in the Second Circuit are not entirely clear." Knowles-Carter v. Feyonce, Inc., No. 16 Civ. 2532, 2017 WL 11567528, at *4 (S.D.N.Y. Sept. 23, 2017). This uncertainty exists in part because the Second Circuit "has not addressed the standard it articulated in Vesco since that case was decided." Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co., No. 517 Civ. 52, 2020 WL 7186792, at *15 (N.D.N.Y. Dec. 7, 2020) (citations omitted).

Nonetheless, courts within this Circuit have continued to cite Frow as relevant authority, even in cases that do not involve true joint liability. See, e.g., RSM Prod. Corp., 643 F. Supp. 2d at 414 ("[T]he Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent."); see also Chain v. N. E. Freightways, Inc., No. 16 Civ. 3371, 2020 WL 7481142, at *16 (S.D.N.Y. Dec. 18, 2020) ("Frow undoubtedly stands for the proposition that in certain circumstances it is inappropriate to enter a default judgment against one defendant when other defendants in the same case have prevailed.") (citing cases); Hudson v. Universal Pictures Corp., No. 03 Civ. 1008, 2004 WL 1205762, at *5 (E.D.N.Y. Apr. 29, 2004), aff'd sub nom. Hudson

6

v. Imagine Entm't Corp., 128 F. App'x 178 (2d Cir. 2005) ("To allow [the plaintiff] to recover a default judgment against one defendant when claims against similarly situated co-defendants have been found to be meritless would be 'unseemly and absurd, as well as unauthorized by law.'") (citations omitted). These decisions support the application of Frow to cases, such as the action now before the Court, which do not involve true joint liability but "in which defendants are merely 'similarly situated.'" Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc., No. 01 Civ. 2950, 2002 WL 31545845, at *4 (S.D.N.Y. Nov. 13, 2002) (citations omitted).

The key inquiry is whether the default judgment could result in inconsistent outcomes for similarly situated defendants. See RSM Prod., 643 F. Supp. 2d at 414 (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2690 (3d ed. 1998)). In other words, a default judgment entered against one defendant, while others remain in the case, cannot stand when "it would be logically inconsistent for some [defendants] to be held liable while others are not." Farberware, Inc. v. Groben, No. 89 Civ. 6240, 1991 WL 123964, at *3 (S.D.N.Y. July 3, 1991) (citations omitted).

As relevant here, the elements of a defamation per se claim are: "a false statement, published without privilege or

7

authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and, it must either cause special harm or constitute defamation per se." Dillon v. City of New York, 704 N.Y.S.2d 1, 5 (App. Div. 1999). While these elements do not, on their face, suggest that liability of one defendant depends upon the liability of other defendants, it would be inappropriate for Intelligence Online to be held liable of defamation per se when the Non-Defaulting Defendants ultimately might not be.[3] This prospect raises particular concerns in this case especially because the Court has not yet determined the merits of the defamation per se claim, and it remains a possibility that the claim will be dismissed on the merits for reasons common to all Defendants (i.e., the subject matter is one of public concern, the statements made were statements of opinion, etc.).

The Court therefore finds that the default judgment as to Intelligence Online should be stayed to avoid both a

---

[3] That the Order does not calculate or impose damages does not fix this problem. Liability and damages are distinct issues. See Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const., 88 F. Supp. 3d 250, 274 (S.D.N.Y. 2015) ("Although 'a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability,' it does not reach the issue of damages." (citation omitted)). Likewise, the Court is not persuaded that granting a default judgment suggests the alleged claims are meritorious. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (explaining that "a district court 'need not agree that the alleged facts constitute a valid cause of action'" to grant a default judgment (citations omitted)). But this does not impact the Court's finding that the default judgment risks a "logical inconsistency" and must be stayed.

"logical inconsistency," Farberware, 1991 WL 123964, at *3, and the "inequity" that would result to Non-Defaulting Defendants as a consequence, Nederlandse, 339 F.2d at 442.

Because the Court has determined that a stay is warranted, the Court declines to reconsider and vacate the Order. This extraordinary remedy is now unnecessary, and "duplicative rulings" might still be avoided as a result of the stay. See Ashbury Capital Partners, 2001 WL 604044, at *1.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendant Dechert LLP for reconsideration (Dkt. No. 68) is **DENIED** and the alternative motion for a stay contained therein (id.) is **GRANTED**; and it is further

**ORDERED** that this Court's previous order granting a default judgment as to defendant Intelligence Online (Dkt. No. 67) is **STAYED.**

**SO ORDERED.**

Dated: New York, New York
9 February 2021

_____
Victor Marrero
U.S.D.J.