

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**BENJAMIN E. ROSENBERG**

benjamin.rosenberg@dechert.com
+1 212 698 3622  Direct
+1 212 698 0495  Fax

April 23, 2021

**BY ECF**

Honorable Victor Marrero
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: El Omari v. Buchanan, et al., 20 Civ. 2601 (VM):  Joint Response to Plaintiff's Letter dated April 20, 2021

Dear Judge Marrero:

This letter is respectfully submitted pursuant to Rule II.A.2 of the Court's Individual Rules of Practice and its Order of April 21, 2021, on behalf of all the defendants who have appeared in this action (together, "Defendants"), in response to Plaintiff's letter dated April 20, 2021, in which he requests a pre-motion conference for his intended motion to file a Second Amended Complaint and for leave to serve a subpoena for documents on Facebook, Inc.  As detailed below, Defendants oppose the requested amendment.  It is futile, because it does not cure any of the pleading deficiencies identified in Defendants' currently pending motion to dismiss the First Amended Complaint.  Defendants also oppose the request for leave to serve a subpoena as premature.  Defendants respectfully request that the pending motion to dismiss be granted, and that Plaintiff's requests for leave to amend the First Amended Complaint and to serve a subpoena be denied.

1. <u>The Proposed Second Amended Complaint</u>

In the proposed Second Amended Complaint, Plaintiff seeks to add two new defendants, Bluehawk C.I. Strategy Limited and Guy Klisman, both allegedly in Israel.  He asserts that the new defendants were involved in the "'Samantha Alison' scheme," and on that basis seeks to add them as additional defendants in the third and fourth causes of action (defamation per se and Computer Fraud and Abuse Act ("CFAA"), respectively).  The only proposed new allegations are background allegations describing Bluehawk's and Klisman's Israeli presence and purported services, ECF Doc. 87-1 ¶¶ 1, 13–14; allegations that Facebook, Inc. cancelled social media accounts that Bluehawk and Klisman had allegedly "used in connection with the 'Samantha Alison' conduct"; *id.* ¶ 152; and conclusory allegations that Bluehawk and Klisman, along with Alison, are Defendants' "agents" and "conspire[d]" with Defendants, *id.* ¶¶ 153–54.



Hon. Victor Marrero
April 23, 2021
Page 2

The Court should deny the proposed motion to amend as futile for the same reasons it should grant Defendants' pending motion to dismiss the First Amended Complaint.  Defendants' motion to dismiss explains that Plaintiff's allegations fail in multiple ways to state a claim for defamation or violation of the CFAA as to any of the existing Defendants.  *See* ECF Doc. 82 at 11–20; ECF Doc. 86 at 5–10.  None of the proposed amendments seeks to cure any of the deficiencies identified in the First Amended Complaint.  There are no proposed new allegations as to the RICO claim (Count I) or the prima facie tort claim (Count II) at all, and while Plaintiff seeks to add Bluehawk and Klisman as defendants to the defamation per se claim (Count III), he makes no new factual allegations relating to that claim.  As to the CFAA claim (Count IV), Plaintiff proposes new allegations pertaining to Bluehawk and Klisman, *see* ECF Doc. 87-1 ¶ 152, but he alleges no facts that connect Defendants to those proposed new parties, and while he proposes to expand his allegations of conspiracy to assert that the purported conspiracy additionally involved Bluehawk and Klisman, *id.* ¶¶ 153–54, the proposed addition of defendants does nothing to remedy the fatally conclusory nature of the allegations as to the existing Defendants, *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 557 (2007), and so cannot save Plaintiff's deficient claims as to them.  Further, the proposed allegations would not address Plaintiff's failure to allege two of the CFAA's core statutory elements:  Plaintiff has not pled that anyone obtained "access" to his computer, nor has he properly pled the requisite financial loss of at least $5,000.  *See* ECF Doc. 82 at 17–19.

Plaintiff's proposed claims against Bluehawk and Klisman suffer from the same deficiencies as his claims against the existing Defendants.  If the pending defamation and CFAA claims against Defendants are dismissed as a matter of law on the grounds asserted in the pending motion, the same claims against the proposed defendants will fail for the very same reasons.  The proposed motion to amend should therefore be denied as futile because, even as amended, the complaint "would not cure the [operative complaint's] defects," *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 107–08 (2d Cir. 2019), and thus "could not withstand a motion to dismiss" as to any Defendant or proposed defendant, *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015).

The proposed new defendants are alleged to be citizens and residents of Israel, and on the face of the proposed Second Amended Complaint, Plaintiff has not alleged any factual connections between them and New York that could permit this Court to exercise either general or specific jurisdiction over them.  (By Plaintiff's own account, allowing their addition would work a substantial delay of "perhaps 6 months to execute service" upon them.  ECF Doc. 87 at 1–2.)  Given the absence of any alleged connection between the two proposed defendants and New York, there is a risk that they may choose not to appear after they are served, as Defendant Intelligence Online has already done, and, even if they were to appear, the proposed Second Amended Complaint suggests that they would likely assert a lack of personal jurisdiction.  All of this means that allowing the new defendants to be added will add time, expense, and complexity to these proceedings, without changing the inevitable result: dismissal of all claims against all defendants.

Defendants respectfully suggest that the Court should follow the procedure adopted by other courts in this District and elsewhere in similar circumstances, and address the motion to amend jointly with the motion to dismiss.  An example is *Scottrade, Inc. v. BroCo Investments, Inc.*, 774 F. Supp.



Hon. Victor Marrero
April 23, 2021
Page 3

2d 573 (S.D.N.Y. 2011), in which the court was similarly faced with concurrent motions to dismiss and to amend.  There, it granted the motion to dismiss, found that the "original and proposed amended complaints contain[ed] the same allegations relating to standing" and other material facts on which the court had granted the motion to dismiss, and held that, "as the Court grants [the defendant's] motion to dismiss, it likewise denies [the plaintiff's] motion for leave to amend as futile."  *Id.* at 584.  This is "a sound approach that promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (per curiam); *id.* at 304 (holding that even where amendment is allowed as of right while a motion to dismiss is pending, district court has discretion to continue to "evaluat[e] the [pending motion to dismiss] in light of the facts alleged in the amended complaint").  That procedure makes sense here.  Defendants submit that the Court should deem Plaintiff's letter to constitute a motion to amend; grant the motion to dismiss; and deny the motion to amend as futile.[1]

2.    The Proposed Subpoena to Facebook

Plaintiff also seeks leave to serve a subpoena on Facebook for documents related to Bluehawk and Klisman.  The Court should deny Plaintiff's request for leave to serve this discovery because the request is premature.  As Plaintiff acknowledges in his letter, the discovery phase of this case has not commenced, as there has been no conference pursuant to Rule 26(f), and Plaintiff has offered no justification for early discovery other than his unsupported contention that he merely "believes" that "time is of the essence to prevent spoliation."  ECF Doc. 87 at 2.

Respectfully,

*/s/ Benjamin E. Rosenberg*

Benjamin E. Rosenberg

cc (by ECF) all counsel of record

---

[1] In his opposition to the Motion to Dismiss, Plaintiff sought leave to file an additional amended complaint – without specifying what new allegations he might add – if the Court grants the pending Motion to Dismiss.  *See* ECF Doc. 84 at 20.  Plaintiff should not get multiple opportunities to amend.  For the reasons that Defendants have previously asserted, *see* ECF Doc. 86 at 10, Plaintiff's First Amended Complaint should be dismissed with prejudice.