# MANDATE

22-55-cv
*El Omari  v. Buchanan et al.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 18 2022

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-two.

Present:

> REENA RAGGI,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

OUSSAMA EL OMARI,

> *Plaintiff-Appellant*,

v.                                                                     22-55-cv

JAMES E.D. BUCHANAN, DECHERT LLP, ANDREW D. FRANK, AKA ANDREW D. SOLOMON, NEIL GERRARD, AMIR ALI HANDJANI, AKA AMIRALI HANDJANI, KARV COMMUNICATIONS, INC., LONGVIEW PARTNERS (GUERNSEY) LTD,

> *Defendants-Appellees*,

INTELLIGENCE ONLINE,

> *Defendant.*

_____

For Plaintiff-Appellant:                     SCOTT M. MOORE, Moore International Law PLLC, New York, NY

1

MANDATE ISSUED ON 10/18/2022

| For Defendant-Appellee James E.D. Buchanan: | STEVEN D. FELDMAN, Stradley Ronon Stevens & Young, LLP, New York, NY |
|---|---|
| For Defendant-Appellees Dechert LLP and Neil Gerrard: | BRIAN C. RAPHEL (Benjamin Rosenberg, Linda C. Goldstein, *on the brief*), Dechert LLP, New York, NY |
| For Defendant-Appellees Andrew D. Frank, Amir Ali Handjani, and KARV Communications, Inc.: | DAVID G. BARGER, Greenberg Traurig LLP, McLean, VA (Daniel P. Filor, Greenburg Traurig LLP, New York, NY, *on the brief*) |
| For Defendant-Appellee Longview Partners (Guernsey) Ltd.: | PATRICK J. O'TOOLE, JR., Weil, Gotshal & Manges LLP, Boston, MA |

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Oussama El Omari appeals from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*) entered on December 10, 2021, dismissing his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). El Omari alleged a variety of harmful actions by purported agents of the Emirate of Ras Al Khaimah ("RAK"), one of the seven emirates that constitute the United Arab Emirates, and its ruler Sheikh Saud bin Saqr Al Qasimi. El Omari worked for the RAK Free Trade Zone Authority ("RAKFTZA"), an agency of the RAK government, from 1997 until 2012. El Omari's complaint asserted a civil claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, against Andrew Frank and Amir Handjani (Count I); a claim for prima facie tort against James Buchanan and Longview Partners (Guernsey) Ltd. (Count II); and a claim for defamation per se against all Defendants (Count III). He appeals the dismissal of Counts I, II,

and III.  A dismissal under Rule 12(b)(6) is reviewed *de novo*.  *Dane v. UnitedHealthcare Ins. Co*., 974 F.3d 183, 188 (2d Cir. 2020).  The Court assumes the parties' familiarity with the case.

El Omari argues that his civil RICO claim was wrongly dismissed because (1) he properly alleged that certain false filings under the Foreign Agents Registration Act ("FARA"), 22 U.S.C. § 618, constitute mail or wire fraud in violation of 18 U.S.C. §§ 1341, 1343 and are therefore valid RICO predicate acts, and (2) he should be granted leave to amend his complaint to add another RICO predicate act, a violation of 18 U.S.C. § 1512, for tampering with a witness, based on a recent affidavit filed by Stuart Page in a United Kingdom civil action (the "Page Affidavit"). Neither argument is persuasive.

First, the district court properly held that the pleaded false FARA filings in violation of 22 U.S.C. § 618 do not constitute mail or wire fraud.  That conclusion is compelled because, even if the FARA filings were false, nothing about their filing deprived El Omari of (or otherwise injured) his property.  Absent a deprivation of, or injury to, property, there can be no claim of mail or wire fraud.  *See* 18 U.S.C. §§ 1341, 1343; *see also Cleveland v. United States*, 531 U.S. 12, 15, 20 (2000).  Because El Omari did not allege any valid RICO predicates, the district court properly dismissed Count I.

Second, this Court declines to grant El Omari leave to amend his complaint based on the Page Affidavit.  Putting aside his failure to first seek such relief before the district court, the activity described in the Page Affidavit does not constitute a violation of 18 U.S.C. § 1512.  As relevant here, a person violates 18 U.S.C. § 1512(c)(1) when he "corruptly . . . alters, destroys, mutilates, or conceals a record, document, or other object . . . with intent to impair the object's integrity or availability for use in an official proceeding."  For purposes of this statute, an "official proceeding" is defined to include only specified domestic proceedings:

> [A] proceeding before a judge or court of the United States, a United States
> magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a
> special trial judge of the Tax Court, a judge of the United States Court of Federal
> Claims, or a Federal grand jury; [ ] a proceeding before the Congress; [ ] a
> proceeding before a Federal Government agency which is authorized by law; or [ ]
> a proceeding involving the business of insurance whose activities affect interstate
> commerce before any insurance regulatory official or agency or any agent or
> examiner appointed by such official or agency to examine the affairs of any person
> engaged in the business of insurance whose activities affect interstate commerce[.]

18 U.S.C. § 1515(a)(1).  The Page Affidavit addresses potential misconduct only in foreign proceedings and investigations conducted by RAK.  What brief mention the Page Affidavit contains of a potential U.S. domestic proceeding does not constitute an "official proceeding" as defined by the statute, nor does El Omari otherwise identify any other "official proceeding" implicated by the Page Affidavit to support a violation of § 1512.  Because El Omari identifies no valid predicate that he could add to salvage his RICO claim, his request for remand to amend his complaint is denied.

El Omari next contends that his claim for prima facie tort was wrongly dismissed because New York law, not North Carolina law, applies to that claim.  As the district court properly determined, however, North Carolina law applies to this claim.  When a conflict of laws exists, a federal court exercising diversity jurisdiction in the state of New York applies New York's choice-of-law rules to resolve the conflict.  *See GlobalNet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir. 2006).  New York's choice-of-law rules use an "interest analysis" to determine which jurisdiction has the greatest interest in the litigation.  *See, e.g.*, *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 197 (1985).  Where, as here, the purpose of the law is conduct-regulating instead of loss-allocating, "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders."  *Cooney v. Osgood Mach., Inc.*, 81 N.Y.2d 66, 72 (1993).  Generally, an intentional tort

occurs where the plaintiff is located, as that is where the damages are felt or incurred. *See id.* at 74 (explaining that, for conduct-regulating torts, "the traditional rule of *lex loci delicti* almost invariably obtains"). This inquiry points squarely to the law of El Omari's domicile, North Carolina. And El Omari does not dispute the district court's conclusion that North Carolina courts have not recognized a cause of action for prima facie tort. Accordingly, the district court correctly dismissed Count II.

Finally, El Omari contends that New York law should have applied to his defamation per se claim in Count III, and that he adequately pleaded that claim. For largely the reasons detailed by the district court, El Omari's arguments are unpersuasive. North Carolina law applies to this claim. *See Lee v. Bankers Tr. Co*., 166 F.3d 540, 545 (2d Cir. 1999) ("Under New York choice-of-law rules in defamation cases 'the state of the plaintiff's domicile will usually have the most significant relationship to the case,' and its law will therefore govern.") (quoting *Reeves v. Am. Broad. Co*., 719 F.2d 602, 605 (2d Cir. 1983)).

With respect to the first portion of El Omari's defamation claim, which arises out of Buchanan's October 2018 statements, his action is time-barred by North Carolina's one-year statute of limitations for defamation. *See* N.C. Gen. Stat. § 1-54(3); *see also, e.g.*, *Progress Solar Sols., LLC v. Fire Prot., Inc.,* 2019 WL 3544072, at *4 (E.D.N.C. Aug. 1, 2019) (citing, *inter alia*, *Gordon v. Fredle*, 206 N.C. 734, 734 (1934); *Home v. Cumberland Cty. Hosp. Sys., Inc*., 746 S.E.2d 13, 20 (N.C. App. 2013)).

With respect to the second portion of El Omari's defamation claim, which arises out of an article published on Intelligence Online ("IO"), the district court correctly determined that El Omari failed to plead that the article contained false facts. When determining whether a statement "can be reasonably interpreted as stating actual facts about an individual, courts look to the

circumstances in which the statement is made," specifically "whether the language used is loose, figurative, or hyperbolic language, as well as the general tenor of the article." *Lewis v. Rapp*, 725 S.E.2d 597, 602 (N.C. Ct. App. 2012) (internal quotation marks omitted). "Truth is an absolute defense to an allegation of defamation," and dismissal under Rule 12(b)(6) is proper when the "plaintiff's own pleadings establish the truth of an allegedly defamatory statement." *Taube v. Hooper*, 840 S.E.2d 313, 319 (N.C. Ct. App. 2020). El Omari's defamation claim runs afoul of these principles. El Omari alleges that the IO article contains three defamatory statements, one of which is repeated in the IO article "teaser." But when these statements are examined in the context of the article, each is fully consistent with, if not compelled by, the factual narrative El Omari otherwise pleads. Each of these statements starts with lead-in phrases attributing actions or beliefs to RAK, including that: RAK is on a worldwide hunt for El Omari; RAK believes El Omari to have participated in the embezzlement of over one billion dollars; and RAK is pursuing those it has accused of embezzlement around the world. In context, then, these statements describe only RAK's actions and views; they cannot reasonably be interpreted as stating facts about El Omari. What is more, these statements are wholly consistent with the Amended Complaint's description of RAK's actions taken. Lastly, to the extent that El Omari contends that the article states that he was employed at the RAK Investment Authority, when in fact he was employed by RAKFTZA, the IO article specifically states that El Omari headed RAKFTZA, and so, in the context of the article as a whole, it is accurate as to this point. *See Lewis*, 725 S.E. 2d at 602.

This Court has considered El Omari's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit